IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:26-cr-051 |
| v. | ) | |
| JODI DYAN SPARGUR-TATE, | ) | UNITED STATES' SENTENCING MEMORANDUM |
| Defendant. | ) | |

For over seven years, Defendant used her position as a workforce program manager and director to steal hundreds of thousands of dollars from Children & Families of Iowa. Defendant submitted hundreds of false and fraudulent reimbursement requests—netting herself and her family members over $426,000. Her crimes were calculated and cunning. She altered invoices, manufactured receipts, and submitted payment requests purportedly on behalf of program participants—individuals seeking help finding jobs, paying their rent, and affording day-to-day living expenses—to line her own pockets.

Sentencing is set for Tuesday, August 26, 2026, at 9:15 a.m. The government will request that, based on all the relevant factors, the Court should sentence Defendant to a 22-month term of imprisonment, 3 years of supervised release, and order $426,837.11 in restitution.

## I. Procedural Background.

On April 23, 2026, Defendant was charged by way of information with Theft from Program Receiving Federal Funds. (ECF 4.) That same day, Defendant waived

indictment and pleaded guilty pursuant to a plea agreement. (ECF 5; ECF 13; ECF 15.) This Court accepted Defendant's plea and adjudicated her guilty. (ECF 19.)

A draft presentence investigation report (PSR) was filed on June 22, 2026. (ECF 20.) The government had no objections to the draft PSR. (ECF 21.) Defendant objected to the loss amount and abuse of a position of trust enhancement. (ECF 22.) She also raised several factual objections or clarifications that did not affect her guidelines range. (*Id.*) A final PSR was filed on August 12, 2026. (ECF 23, hereinafter the "Final PSR.") The Final PSR calculates Defendant's advisory guidelines range as follows:

| | |
|---|---|
| Base Offense Level (§2B1.1(a)(2)) | 6 |
| Loss (§2B1.1(b)(1)(G)) | +12 |
| Abuse of position of trust (§3B1.3) | +2 |
| Offense Level: | 20 |
| Acceptance of responsibility: | -3 |
| Zero-point offender: | -2 |
| Total Offense Level: | 15 |
| Criminal History Category | I |
| Advisory Guidelines Range | 18-24 months |

(Final PSR ¶¶ 39-48, 118.)

It is the government's understanding that the majority of Defendant's objections to the draft PSR were resolved in the Final PSR or have been withdrawn—including Defendant's objections to loss amount and the abuse of trust enhancement. It is further the government's understanding that the only two objections remaining are to paragraphs 13 and 16 of the Final PSR (Defendant's PSR objections 2 and 3).

## II. The government requests the Court order $426,837.11 in restitution.

Defendant, in her plea agreement, agreed the Court should impose an order of restitution for all relevant conduct, including that relating to dismissed counts. (ECF 15, 8.) It is now unobjected-to that Defendant embezzled $426,837.11 from Children and Families of Iowa ("CFI"). (Final PSR ¶¶ 18-32.) The majority of this loss was born by CFI's insurer, Philadelphia Indemnity Insurance Company. (*Id.* at ¶ 32.) CFI's out-of-pocket loss was $10,000. (*Id.*) The government requests the Court order $426,837.11 in restitution, with $10,000 being directed to CFI and $416,837.11 being directed to Philadelphia Indemnity Insurance Company.

## III. The sentencing factors in 18 U.S.C. § 3553(a) support a 22-month term of imprisonment.

For over seven years, Defendant submitted hundreds of fraudulent reimbursement and payment requests to CFI, siphoning hundreds of thousands of dollars away from program participants to line her and her family's pockets. (*Id.* at ¶¶ 9, 11.) While the guidelines take into account the amount of money Defendant stole and her abuse of the trust placed in her by CFI and, by extension, the people of Iowa, the guidelines do *not* account for the many years Defendant continued the fraud and the multitude of her lies.

Defendant was promoted to program manager role in April 2015 and immediately began committing fraud. (*Id.* at ¶¶ 9, 11, 106.) Her fraud was deliberate and calculated. She manufactured over 90 false and doctored reimbursement requests using online shopping cart images as opposed to receipts to make it appear she was purchasing items for CFI that were not, in fact, ever purchased. (*Id.* at ¶¶

20, 30.) She submitted 82 other requests allegedly for legitimate program participants' expenses, but then stole the money for herself. (*Id.* at ¶ 21.) She submitted dozens more for items and services that either weren't actually used for CFI or that she never actually purchased. (*Id.* at ¶¶ 22-23.)

If that weren't enough, Defendant used her authority as a program manager to pay her daughter-in-law, lying that her daughter-in-law was providing daycare services to program participants. (*Id.* at ¶ 25.) She paid her and her family's cellphone bills, her son's rent, and her energy bills. (*Id.* at ¶¶ 26-28.) All a flagrant abuse of the trust placed in her by the people of Iowa.

When confronted, Defendant downplayed her criminal activity, lied about its extent, and blamed CFI for overworking her and causing her to make "bad decisions." (*Id.* at ¶ 29(a); Gov. Ex. 1, 9.) During her initial conversation with the Des Moines Police Department, Defendant acknowledged paying her son's rent, but only "$900," "four or five" times—as opposed to 11 times and over $8,000. (Final PSR ¶ 27; Gov. Ex. 1, 12-14.) She acknowledged paying her daughter-in-law for fake daycare services, but only "six or eight" times—as opposed to 71 times. (Final PSR ¶ 25; Gov. Ex. 1, 23-24.) She claimed the "only time" she turned in an invoice or receipt was when she "need[ed] to be reimbursed out of [her] own account." (Gov. Ex. 1, 20.) She denied requesting reimbursement for items she never actually purchased—apparently forgetting the 256 fraudulent reimbursement requests she had submitted. (*Id.* at 29-31; Final PSR ¶ 19.)

Defendant acknowledged she "made some bad decisions," but blamed those decisions on "the load of stress . . . that job put on me, and the responsibilities that it

put on me," claiming they were "stress-induced" and "90% . . . because of the load." (*Id.* at 9-10.) She tried to dismiss her rampant theft by claiming she was actually purchasing items for CFI with the money she stole and implied she was entitled to the money because "there's a ton of reimbursements that I could submit and I did not." (*Id.* at 19-20, 27.) Defendant claimed she "loved" CFI, "but the last two, three years . . . [she] just was not a good human being." (*Id.* at 39.)

It goes without saying this belies the extent of Defendant's criminal conduct. It was not a product of the stress of her job—her fraud started immediately after she was promoted. She was not actually entitled to any of this money. It was not a handful of misdirected payments over the course of two or three years. And it was not just the product of "some bad decisions." It was hundreds of affirmative and calculated decisions to alter invoices, manufacture fake receipts and expenses, and create false reimbursement requests. It was seven years of lie, after lie, after lie.

A 22-month sentence accounts for the aggravating and mitigating circumstances at play and is necessary to impress upon Defendant the seriousness of her crimes and to deter others from committing similar crimes in the future. The government further requests a 3-year term of supervised release to help ensure Defendant maintains employment and makes payments on any restitution ordered.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence Defendant to a 22-month term of imprisonment to be followed by 3 years of supervised release and order $426,837.11 in restitution.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Joseph H. Lubben*
Joseph H. Lubben
Assistant United States Attorneys
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Joseph.Lubben@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

U.S. Mail Fax Hand Delivery

X ECF/Electronic filing Other means

By: /s/ *Kyle Maynard*
Paralegal Specialist